IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-17-0357 |
| | * | Civil No. CCB-19-0950 |
| THOMAS FINNEGAN | * | |

******

## MEMORANDUM AND ORDER

Now pending is Thomas Finnegan's motion to vacate judgment under 28 U.S.C. § 2255 (ECF 82), for which he filed pro se supplementations (ECF 90 and 91), and defense counsel's motion to withdraw as attorney (ECF 96). Finnegan pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c). (ECF 80). The Hobbs Act robbery constituted the underlying "crime of violence" for the § 924(c) conviction.

On March 28, 2019, Finnegan filed a motion to vacate judgment, arguing that the Hobbs Act robbery no longer qualified as a "crime of violence" in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). But after Finnegan filed his motion, the Fourth Circuit held in *United States v. Mathis* that a Hobbs Act robbery constitutes a "crime of violence" under § 924(c)'s "force clause." 932 F.3d 242, 266 (4th Cir. 2019). Finnegan's argument that his conviction for Hobbs Act robbery does not qualify as a "crime of violence" has thus been foreclosed by *Mathis*.

Accordingly, the motion to vacate judgment (ECF 82) is DENIED and no certificate of appealability is issued. The motion to withdraw as attorney (ECF 96) is GRANTED. The Clerk shall SEND a copy of this Memorandum and Order to Finnegan and counsel of record. The Clerk shall CLOSE the associated civil case, CCB-19-0950.

So Ordered this __11th__ day of June, 2020.

_____/S/_____
Catherine C. Blake
United States District Judge